VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

NORTHWOOD MANAGEMENT GROUP, INC. )
            Plaintiff                              )
)      CL14-1454
v.                                          )
)
CRYSTAL V. L. RIVERS                   )
)
and                                    )
)
CVLR PERFORMANCE HORSES, INC.       )
)
            Defendants                     )
)
Serve:  Crystal V. L. Rivers           )
         305 Hunting Lane            )
         Goode, Virginia 24556       )
)
         CVLR Performance Horses, Inc.    )
         Crystal V. L. Rivers, Registered Agent  )
         305 Hunting Lane            )
         Goode, Virginia 24556       )

COMES NOW the Plaintiff, Northwood Management Group, Inc., (hereinafter Northwood) by counsel, and moves for judgment against the Defendants, Crystal V.L. Rivers and CVLR Performance Horses, Inc., and for its Complaint, states as follows:

1. Northwood is a Virginia corporation with its headquarters in Appomattox, Virginia.

2. Defendant Crystal V.L. Rivers is a resident of Virginia, and has her primary residence in Bedford County, Virginia.

3. Defendant CVLR Performance Horses, Inc. is a Virginia corporation, with its headquarters in Bedford County, Virginia.

**Exhibit 1**

4. The agreements that were signed by the parties and attached to this complaint were executed in the City of Roanoke, Virginia, and therefore venue is proper in this jurisdiction.

5. The Defendants have been involved in several long running legal disputes with various parties, and with actions filed in both Federal and State Court. These disputes involve, among other issues, the operation of a horse farm in Bedford County, Virginia.

6. Due to the high costs of litigation, and their limited resources, the Defendants were unable to retain an attorney to file suit on their various causes of action. Defendants discussed the situation with one of the shareholders of the Northwood, who arranged a meeting with an attorney, Gary Bowman (hereinafter "Attorney"). The Defendants were unable to retain the attorney. The Defendants, therefore, sought a source of funding that would enable them to bring the various cases. After some discussion, Northwood agreed to pay for the attorney's fees associated with the Defendants' proposed litigation.

7. On or about September 30, 2011, the Northwood and the Defendants entered into a Partnership Agreement. See Exhibit A.

8. Pursuant to the terms of the Partnership Agreement, Northwood agreed to pay the legal costs of the various claims held by the Defendants.

9. In return for payment of the legal costs, Defendants agreed that it would repay Northwood for all legal expenses that Northwood paid on behalf of either Defendant, as well as any loans that Northwood may have made to either party, out of the first revenues derived from any legal action.

10. The Partnership Agreement further provided that once the legal expenses had been repaid, then Northwood would be entitled to 33% of any additional award or

revenue derived from any legal action, and the Defendants would receive 67% or any such award or revenue.

11. The Partnership Agreement further granted Northwood the right to pursue any legal action on behalf of the Defendants that it so chose, for matters that occurred prior to the date of the Partnership Agreement, as well as any matters directly related to such actions.

12. After the parties executed the Partnership Agreement, Northwood began making certain payments on the Defendant's behalf. See Exhibit B for schedule of all payments made between July 26, 2011 and March 6, 2014.

13. Northwood made three payments directly to Defendant Crystal V.L.Rivers, totaling $7,500.00. These payments were made to her at her request, and on information and belief, were used for personal expenses.

14. Between July 26, 2011 and August 13, 2013, Northwood made payments to the Attorney totaling $51,467.34, for attorneys fees associated with three separate legal matters. These three matters are referred to as the "RICO Case," the "Purchase Agreement Case," and the "Option Agreement Case."

15. Sometime during this period, the Attorney sought to clarify his attorney fee arrangement, and desired to enter into a written agreement with Northwood and the Defendants (hereinafter collectively referred to as the "Partners.").

16. On or about September 9, 2013, the Partners entered into an agreement with the Attorney entitled "Agreement As To Payment of Legal Fees and Expenses" (hereinafter referred to as "Legal Fees Agreement.") This agreement is attached hereto as Exhibit C.

17. This Legal Fees Agreement between the Partners and the Attorney set

forth specific amounts that the Attorney would be paid for specific actions undertook by Attorney, and sought to spell out the specific duties that the Attorney had to each of the Partners.

18. This Legal Fees Agreement sets forth the exact amounts that Northwood would be expected to pay on behalf of the Defendants with respect to the first three cases. It also provided for certain payments to be made with respect to a fourth case, referred to as the "Business Conspiracy Act Case."

19. The Legal Fees Agreement also provided that the Defendants would agree to employ only Gary Bowman as their attorney in the four cases described above, and that they further agreed to employ no other attorney without Northwood's consent.

20. After the Legal Fees Agreement was executed, Northwood continued to make payments on the Defendants' behalf, according to the terms of the Legal Fees Agreement. Between September 9, 2013 and March 6, 2014, Northwood paid an additional $24,698.56 in attorney's fees and legal costs on the Defendant's behalf.

21. To date, Northwood has paid a total of $83,665.90. A copy of an analysis all payments made, and for which cases, is attached hereto as Exhibit D.

22. Sometime after the beginning of 2014, the Defendants entered into an settlement agreement with some of the parties in the RICO Case, in which Crystal V.L. Rivers and CVLR Performance Horses, Inc. received $100,000.00.

23. Around the same time, the Defendants attempted to terminate the Partnership Agreement, without cause. See Exhibit E.

24. Upon information and belief, Defendants received $34,000.00 from the from the settlement funds, with the Attorney receiving the remainder to pay associated attorney's fees.

25. Northwood received none of the settlement funds.

26. Upon information and belief, the Defendants have fired Gary Bowman as their attorney for each of the four cases, and are not actively pursuing these actions.

COUNT 1 - BREACH OF PARTNERSHIP AGREEMENT AND LEGAL FEES AGREEMENT - SPECIFIC PERFORMANCE AND IMPOSITION OF CONSTRUCTIVE TRUST

27. Defendants are in breach of several critical provisions of both the Partnership Agreement and the Legal Fees Agreement.

28. The Defendants failed to repay Northwood the $34,000.00 that they received from the settlement, despite their obligation to repay the advanced attorney's fees out of first funds received.

29. Defendants have failed to actively pursue the Four Cases, despite the large sum of money advanced by Northwood for attorney's fees and costs.

30. Defendants have fired Gary Bowman, the attorney that is most familiar about the procedural posture and factual background of these cases, and the attorney that is in the best position to move the cases forward to a successful conclusion.

31. Defendants have attempted to terminate the Partnership Agreement without good cause, despite the fact that Northwood has complied with its obligations under both the Partnership Agreement and the Legal Fees Agreement in all respects.

32. Due to the Defendants' several breaches of the Partnership Agreement and the Legal Fees Agreement, Northwood has been damaged, and may suffer additional damage.

33. The refusal of the Defendants to provide Northwood with ongoing information about the status of the Four Cases, and whether the cases are even currently

being pursued, threatens significant and irreparable harm to the rights of Northwood.

34. Paragraph VII of the Partnership Agreement states "CVLR and Crystal V.L. Rivers hereby grant NMG the right to pursue in accordance with this agreement any and all legal actions on behalf of CVLR and Crystal V.L. Rivers . . . ."

35. Northwood, therefore, requests the Court to order the Defendants to specifically perform the assignment of the Four Cases to Northwood, according to the terms of the Partnership Agreement, and on such terms that are equitable to the Defendants.

36. Northwood further asks the Court to impose a constructive trust on the $34,000.00 that the Defendants received, and should have been paid to Northwood, and order that those funds in fact be paid over to Northwood.

COUNT 2 - BREACH OF PARTNERSHIP AGREEMENT AND LEGAL FEES AGREEMENT - REQUEST FOR AN ACCOUNTING

37. Northwood restates and realleges paragraphs 1 - 36.

38. The several breaches of the Partnership Agreement and the Legal Fees Agreement, and the attempted termination of these Agreements by the Defendants, without cause, have resulted in unknown damages to Northwood.

39. Defendants have breached their duty with respect to information that is due from them to Northwood, pursuant to Va. Code §50.73-101.

40. Northwood, therefore, requests the Court to order the Defendants to provide an accounting of all funds that it has received from any source in connection with the Four Cases, and what has become of such funds.

41. Northwood further requests the Court to order the Defendants to advise it on the status of the Four Cases, and to provide it with periodic, monthly reports regarding the

Agreement, and in violation of their fiduciary duties to Northwood.

49. Northwood, therefore, asks the Court to enter judgment against the Defendants, in the amount of $34,000.00, together with any other amounts that it may be determined to have been converted, together with punitive damages such as the Court may determine are proper.

WHEREFORE, the Plaintiff, Northwood Management Group, Inc., by counsel asks the Court for relief against the Defendants, Crystal V.L.Rivers and CVLR Performance Horses, Inc., in the form of an order for specific performance assigning certain causes of action to the Plaintiff, imposing a constructive trust on any settlement proceeds received by the Defendants, ordering an accounting of any such funds received, ordering the Defendants to provide such information about the causes of action to allow the Plaintiff to proceed in the matters, and in the alternative, to enter judgment against the Defendants as prayed, and for such other and further relief as the Court deems necessary and proper.

NORTHWOOD MANAGEMENT GROUP, INC.

By: _____
Of Counsel

Matthew D. Huebschman, Esq. (VSB# 44181)
Jeffrey A. Fleischhauer, Esq., (VSB#29260)
SHENANDOAH LEGAL GROUP, P.C.
P.O. Box 75
Roanoke, VA  24002-0075
(540) 344-4490
fax (540) 343-0185

William Wallis

**From:** William Wallis
**Sent:** Tuesday, February 04, 2014 4:23 PM
**To:** gary bowman; gary bowman
**Cc:** William Wallis; Robert Niffi
**Subject:** Payment has been sent today Ck # 54019 / $4,372.86

**Importance:** High

*Also, ck to Joe Amato*

Gary,

Today, I have sent a check for $4,372.86, check number 54019, for payment on expenses listed below.

Please find below my understanding of agreed fees and payments for case work going forward. Please let me know if your records differ.

Review of charges and payments to date:

| Date | | Amount |
|---|---|---|
| 9/9/13 | Check Number 53746 | $3,884.00 |
| 10/7/13 | Check Number 53827 | -$5,502.70 |
| 11/4/13 | Check Number 53856 | $2,500.00 |
| 12/4/13 | Check Number 53920 | $2,500.00 |
| 2/4/14 | Check Number 540119 | $4,372.86 |

Bank Case: $7,500.00 plus expenses

| | Amount | Check # | Date | Balance Outstanding |
|---|---|---|---|---|
| 1st Payment | $2,500 | 53746 ✓ | 9/9/13 | $5,000 |
| 2nd Payment | $2,500 | 53827 ✓ | 10/7/13 | $2,500 |
| 3rd Payment | $2,500 | 53856 ✓ | 11/4/13 | $0 |

Option Case: $7,500.00 plus expenses

| | Amount | Check # | Date | Balance Outstanding |
|---|---|---|---|---|
| Work 1st Payment Prep. | $500 | 53746 ✓ | 9/9/13 | $7,000 |

Exhibit 1

1

| | Amount | Check # | Date | Balance Outstanding |
|---|---|---|---|---|
| 2nd Payment | $2,500 | 53826 ✓ | 10/7/13 | $4,500 |
| 3rd Payment | $2,500 | 53920 ✓ | 12/4/13 | $2,000 |
| 4th Payment | $2,000 | 54019 X | 2/04/14 | $-0- |

RICO Case : $ 700.00 Flat

| | Amount | Check # | Date | Balance Outstanding |
|---|---|---|---|---|
| 1st Payment | $ 700 | 53746 ✓ | 9/9/13 | $ 0 |

Payment of Expenses :

| Expense | Amount | Check # | Date | Balance Outstanding |
|---|---|---|---|---|
| Transcript Beck Case | $184.00 | 53746 ✓ | 9/9/13 | $ 0 |
| Title Search Option | $250.00 | 53826 ✓ | 10/7/13 | $ 0 |
| Transcript Beck's Dep. | $252.70 | 53826 ✓ | 10/7/13 | $ 0 |
| Filing Expense(ODNB) | $366.00 | 54019 X | 2/04/14 | $ 0 |
| Filing Fee (Contract Case) | $406.00 | 54019 X | 2/04/14 | $ 0 |
| Darnell Testimony | $110.00 | 54019 X | 2/04/14 | $ 0 |
| Transcript Trial Argument | $136.80 | 54019 X | 2/04/14 | $ 0 |
| Artistic Edit/ Jury Prep. | $289.14 | 54019 X | 2/04/14 | $ 0 |
| CVLR Discovery Docs | $43.17 | 54019 X | 2/04/14 | $ 0 |
| FedEx. ODNB Complaint | $21.75 | 54019 X | 2/04/14 | $ 0 |
| Economic Damages Expert | $1,000.00 | 54019 X | 2/04/14 | $ 0 |

We will also make payments on expenses as they occur.

Thanks and best regards,

    Bill & Robert

William Wallis

Fabriko
1065 Confederate Boulevard
Appomattox, Virginia 24522
United States of America

2