IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NORTHWOOD MANAGEMENT GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 7:18-cv-82 |
| CRYSTAL V.L. RIVERS, *et al.*, | ) ) | By: Elizabeth K. Dillon United States District Judge |
| Defendants/Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| GARY BOWMAN, *et al.*, | ) ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM OPINION**

Defendant and third-party plaintiff Crystal Rivers, proceeding *pro se,* removed this case from the Circuit Court for the City of Roanoke and has filed a motion to proceed *in forma pauperis*. (Dkt. No. 1.) Based on her financial affidavit, the court finds that Rivers is financially eligible to proceed *in forma pauperis*, and so will grant that motion. Because the court concludes removal was not proper and that it lacks subject-matter jurisdiction over this action, the court will remand the case to state court.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc*., 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Hence, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or,

more precisely, must) be raised *sua sponte* by the court." *Id.*; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (explaining that "a court on its own initiative, at any stage in the litigation," may consider whether it lacks subject-matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3)). If a district court determines that jurisdiction is lacking over a removed case, it must remand to state court. 28 U.S.C. § 1447(c).

According to Rivers's notice of removal,[1] the state action was filed on August 29, 2014. In the complaint, plaintiff Northwood Management Group, Inc. (Northwood) asserted two state law claims against CVLR Performance Horses, Inc., and Rivers, CVLR's president. (Dkt. No. 2-2; *see* Dkt. No. 2-13 at 4 (prior court opinion describing Rivers as CVLR's president).) Both claims alleged that the defendants breached a partnership agreement and legal fees agreement. In Count I, Northwood sought specific performance and imposition of a constructive trust. In Count II, Northwood requested that the court order an accounting. Rivers, who was represented by counsel at the time, filed a counterclaim and also sought—and apparently received—leave to file a third-party complaint against her former attorney, Gary Bowman. (Dkt. Nos. 2-3, 2-4.) Bowman filed a plea in bar and a demurrer, which were sustained, and he was dismissed from the case. (Dkt. No. 2-6.) Rivers appealed that ruling and, according to her notice of removal, the appeal remains pending. (Dkt. No. 2, ¶¶ 18–20.)

Prior to the appeal, the state court also granted Rivers permission to add three other parties as third-party defendants within 21 days, which she did. (Dkt. Nos. 2-5, 2-6, 2-7.) Although it is not clear from her lengthy third-party complaint which counts are based on state

---

[1] There are prior legal actions that are relevant to the background facts of this lawsuit, and Rivers has attached documents from some of them to her notice of removal. But those other actions are not relevant to the court's determination of its jurisdiction here, and thus the court will not discuss them. Instead, the court provides a brief summary of the procedural history of this case only, as described in Rivers's notice of removal and attached documents, which do not include the entirety of the state court record.

2

law and which ones are federal-law claims,[2] her notice of removal states that her third-party complaint contains five counts, four of which "alleg[e] facts relating to Civil Racketeering and Corrupt Organizations Act 18 U.S.C., and predicate acts." (Dkt. No. 2, ¶ 1.)

Rivers, who bears "[t]he burden of establishing federal jurisdiction [as] the party seeking removal," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994), asserts that removal is proper under 28 U.S.C. § 1441, presumably under § 1441(a). In pertinent part, that provision states:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Based on its language, then, 28 U.S.C. § 1441(a) permits removal of only those actions which could have originally been filed in federal district court. *Id.* Rivers asserts that her amended third-party complaint contains federal claims and that she filed the notice of removal within thirty days after filing her complaint. She thus contends that this court can assert jurisdiction under 28 U.S.C. § 1331, which gives the district courts subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[3]

The general rule, however, is that removal based on federal-question jurisdiction is improper unless a federal claim appears on the face of the plaintiff's complaint. *Lontz v. Tharp*,

---

[2] For example, Count III has three lines in its title: (1) "Virginia Civil Conspiracy § 18-2-22"; (2) "Aiding and Abetting"; and (3) "Obtaining Money Under False Pretenses 18 U.S. Code § 1341." (Dkt. No. 2-7, at 42; *see also* Dkt. No. 3 (date-stamped and signed copy of pages 1 and 62, respectively).)

[3] Elsewhere in her notice of removal, Rivers contends that jurisdiction is proper "pursuant to 28 U.S.C. § 13329(a) [sic] based on the fact that the award amount in controversy . . . exceeds Seventy-Five Thousand Dollars." (Dkt. No. 2, ¶ 24.) To the extent she intended to invoke this court's diversity jurisdiction under § 1332(a), it is plain that § 1332(a) does not apply because the parties are not diverse. The facts alleged in her notice of removal indicate that all parties (including the original plaintiff and all of the third-party defendants) are Virginia residents. (*See* Dkt. No. 2, ¶¶ 4–8.)

413 F.3d 435, 439 (4th Cir. 2005). As explained by the Supreme Court in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002), neither a federal defense nor a federal counterclaim can create federal jurisdiction where it does not appear on the face of the well-pleaded complaint. *Id.* at 831. Based on *Holmes*, this court and others have held that removal was improper where the only federal claim in the suit was a counterclaim. *See, e.g.*, *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, 478 F. Supp. 2d 861, 864 (E.D. Va. 2006); *Great E. Resort Corp. v. Bluegreen Corp.*, No. 5:06-cv-84, 2006 WL 3391504, at *1 (W.D. Va. Nov. 22, 2006) ("Only a defendant, which does not include a plaintiff/counterclaim-defendant, may remove an action to federal court."). *See also Wallace v. Wiedenbeck*, 985 F. Supp. 288, 290 (N.D.N.Y. 1998) ("It is well established that a defendant cannot remove based on grounds raised in its answer. This principle applies with equal force to defenses, as well as counterclaims.") (internal citations omitted).

Although these cases do not explicitly reference the precise situation here, where the federal claim is raised only in a third-party complaint, the same reasoning that they employed would plainly bar removal.[4] That is so because Northwood's complaint in this matter does not assert a federal claim and could not have been filed in federal court. Indeed, the Fourth Circuit has recently held that "an additional counter-defendant [who was listed as a third-party defendant in the case] is not entitled to remove under [28 U.S.C.] § 1441(a)." *Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 170 (4th Cir. 2018). Thus, even if the third-party defendants here had removed the case, rather than Rivers as the defendant/third-party plaintiff, removal would not be proper and remand would be required. *See id.* Based on the above authority, the court concludes that it lacks jurisdiction over the claims, and so it will remand the entire action to state court.

---

[4] The court's research did not disclose a case in which a third-party *plaintiff* sought to remove based on her own filing. But the court presumes it is rare for a third-party plaintiff to seek removal since she selects the court where she files her claims.

4

## **CONCLUSION**

For the foregoing reasons, the court will grant Rivers *in forma pauperis* status, but will remand this case to state court. A separate order will be entered.

Entered: March 1, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge